[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12695
Non-Argument Calendar
_____

D. C. Docket No. 05-00326-CV-3-MCR-EMT

JEMAREO DURR,

Plaintiff-Appellant,

versus

SHERIFF RON MCNESBY, Sheriff of Escambia
County Florida (Individual Capacity), GORDON
SZTUKOWSKI, PAUL HAWKE, CLEVE CLANTON,
Escambia County Deputy Sheriffs (Individual Capacities),

Defendants-Appellees,

DAVID BURK, NICK HARRIS, DAN HENRY, MATT
CLARK, STEVE NESMITH, Escambia County Deputy
Sheriffs (Individual Capacities),

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 13, 2008)**

Before TJOFLAT, BLACK and HILL, Circuit Judges.

PER CURIAM:

In March 2003, Jemareo Durr filed a four-count complaint for money damages pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments against Ron McNesby, Sheriff of Escambia County, Florida, and Escambia County Deputy Sheriffs David Burke, Nick Harris, Dan Henry, Matt Clark, Gordon Sztukowski, Steve Nesmith, Paul Hawke and Cleave Clanton, in their individual capacities, for the alleged illegal entry, seizure and search of Durr's private residence and personal property located in Pensacola, Florida. On September 14, 2006, defendants McNesby, Hawke, Nesmith, Clanton, Harris, Henry, Clark and Sztukowski filed motions for summary judgment.[1] Also on September 14, 2006, plaintiff Durr filed his motion for summary judgment.

On May 11, 2007, the district court granted the motions for summary judgment filed on behalf of defendants McNesby, Hawke, Clanton and Sztukowski. Also on this date, the district court granted summary judgment in favor of defendants Harris, Henry, Clark and Nesmith as to Durr's Fourth Amendment first claim of unconstitutional entry into his residence, but ruled that Harris, Henry, Clark and Nesmith were not entitled to summary judgment as to

---

[1] Burke, now deceased, was never served with Durr's complaint.

Durr's second claim of unlawful search.[2]

On May 11, 2007, summary judgment was entered in favor of defendants

McNesby, Hawke, Clanton and Sztukowski, and against plaintiff Durr, with the

court stating in paragraph 5 of its order of the same date:

> As the Court determines there is no just reason for delay, the clerk is
> directed to enter judgment as to Defendants McNesby, Hawke,
> Clanton and Sztukowski only. *See* Fed.R.Civ.P. 54(b). As to all
> claims against Defendants Burke (sic), Harris, Hendry, Clark and
> Nesmith the clerk shall defer entering judgment until the conclusion
> of the entire case.

Twenty-eight days later, on June 8, 2007, Durr filed a notice of appeal,

claiming that the May 11, 2007, judgment was a final order, and not an

interlocutory order, as the court stated in its order that there is "no just cause for

delay" as to four of the defendants, McNesby, Hawke, Clanton and Sztukowski. In

his initial brief filed on July 23, 2007, in this appeal, Durr attempts to circumvent

the court's May 11, 2007, judgment entered as to defendants McNesby, Hawke,

Clanton and Sztukowski, by bootstrapping defendants Henry, Clark, Harris and

Nesmith into the present appeal, seeking, at page 53 of his brief, a reversal of the

partial summary judgment in their favor.[3] This "end around" tactic is not

---

[2] As to Harris, Henry, Clark and Nesmith, the district court ruled that the case against them "shall proceed with respect to Durr's claims against these defendants only for the possible Fourth Amendment violation of exceeding the scope of permissible search of his residence."

[3] On June 18 and 19, 2007, Durr's claim of an unreasonable search of his residence in violation of his Fourth Amendment rights was tried before a jury. The jury returned a verdict in

uncharacteristic of Durr's litigation activities in this case.

As a result, on August 18, 2007, defendants Harris, Henry, Clark and Nesmith moved to strike Durr's initial brief, or, in the alternative, to dismiss them from Durr's appeal. On December 10, 2007, a motions panel of this circuit granted these four defendants', Harris, Henry, Clark and Nesmith, motion to dismiss, and provided that the appeal of the May 11, 2007, order should proceed as to defendants-appellees McNesby, Hawke, Clanton and Sztukowski only.

With that brief mention of the tortured procedural history of this appeal, we turn to the merits. Durr claims that pursuant to 42 U.S.C. §§ 1983 and 1988, defendant deputy sheriff Sztukowski unlawfully entered and searched his residence, in violation of the Fourth and Fourteenth Amendments. He further alleges that defendant deputy sheriff Clanton authorized the unlawful entry and that defendants deputy sheriff Hawke and sheriff McNesby "covered up" the incident. Durr further alleges that defendant sheriff McNesby maintains a policy of inadequately investigating citizens' civil rights complaints.

We have scoured the record in this appeal, including the original pleadings,

---

favor of defendants Henry, Clark, Harris and Nesmith, and judgment in favor of these four defendants was entered on June 19, 2007. Durr did not file a notice of appeal as to the judgment entered on June 19, 2007, in favor of Henry, Clark, Harris and Nesmith, and admits so at page 16 of his initial brief, filed on July 23, 2007, admitting that the "only judgment on appeal is the May 11, 2007, order." Yet, as we previously stated, at page 53 of his initial brief, he identifies Harris, Henry, Clark and Nesmith as appellees, seeking a reversal of the summary judgment, partially granted in their favor on May 11, 2007, as to the warrantless entry into Durr's residence.

the briefs and the arguments of counsel contained therein. Under *de novo* review, we conclude that the district court properly applied the law to the facts and record evidence in determining that defendants McNesby, Hawke, Clanton and Sztukowski were entitled to summary judgment in their favor.[4]

Durr's allegations that defendant sheriff McNesby participated in covering up the entry into Durr's residence and that McNesby had a policy of inadequately investigating and covering alleged civil rights violations of his deputies were wholly unsupported by the record. The record also reflects that the district court was correct in determining that exigent circumstances existed for the entry into Durr's residence.

Ironically, not one of the four remaining defendants in this appeal ever entered the Durr residence or conducted any search therein. Sheriff McNesby, as the chief law enforcement officer of Escambia County, ordered an internal affairs investigation into the entry into the Durr residence pursuant to a citizen's complaint. He had no personal involvement in the entry.

Deputy sheriff Clanton was the shift supervisor who provided other deputies with the authority to enter the residence. He never entered himself.

---

[4] The fact that the district court, in its May 11, 2007, order adopted and incorporated the factual background discussion and analysis in a previous case, No. 3:03CV150-RV/MD, involving virtually similar circumstances stemming from the same incident, yet involving different parties, is not error, and of no moment.

Deputy sheriff Sztukowski was positioned behind the Durr residence. He never entered himself.

Deputy Hawke had no personal involvement in the entry into Durr's residence. He was the internal affairs officer assigned to investigate the original defendants' conduct.

Based on the foregoing discussion, the May 11, 2007, judgment of the district court as to defendants McNesby, Hawke, Clanton and Sztukowski, is AFFIRMED.